UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

JUL 3 1 2014

PER_____
DEPUTY CLERK

BERNARD BOSTIC,　　　　　　　：
　　　　　　　　　　　　　　　：
　　　　　Plaintiff　　　　　　：
　　　　　　　　　　　　　　　：
　　　　v.　　　　　　　　　　： CIVIL NO. 3:CV-13-0748
　　　　　　　　　　　　　　　：
USP LEWISBURG STAFF, et al.,　： (Judge Kosik)
　　　　　　　　　　　　　　　：
　　　　　Defendants　　　　　 ：

## MEMORANDUM

Plaintiff, Bernard Bostic, an inmate currently confined at the United States

Penitentiary at Lewisburg (USP-Lewisburg), Pennsylvania, filed this <u>Bivens</u>-styled[1]

civil rights action pursuant to 28 U.S.C. § 1331.  Named as Defendants are the

following USP-Lewisburg employees and officials: Warden J.E. Thomas, D. Young,

K. Bahre (Rear), Captain Taggart, R. Johnson, J. Sherman, S. Booth, Physician's

Assistant J. Hemphill, H. Miosi, R.N., Dr. Mink, EMT's L. Potter and G. George, M.

Kemmerer, D. Griffin, H. Haines (Moffatt), A. Barbella and Counselor M. Edinger.

Plaintiff sets forth allegations against Defendants of excessive force, failure to protect

from excessive force and verbal threats.  Before the court for consideration is

---

[1] See <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).

Defendants' motion to dismiss and for summary judgment (Doc. 26.)  For the reasons that follow, the motion will be granted.

## I.   Allegations in Complaint

Plaintiff alleges that on the morning of June 12, 2012, he and his cellmate were escorted in from the recreation yard to find the shakedown crew in their cell packing up their personal belongings.  While escorting Plaintiff to the 3rd floor, Defendant Kemmerer grabbed and slammed him for no reason and started brutally hitting him in the face and back.  Plaintiff claims that Defendant George witnessed this transpire because he was supposed to treat Plaintiff's injuries when an assistance call was activated.  It is further alleged that Defendants Booth, Griffin, Barbella, Audridge, and Sherman jumped on Plaintiff and began kicking, stomping and punching him, as well as yelled slurs at him until he was unconscious.

On the same date, it is alleged that Defendant Taggart came to his cell and threatened Plaintiff not to mention the incident or he would "kill" him.  According to Plaintiff, Defendants Moffatt, Hemphill, Miosi, Johnson, Edinger, Minic, Bahre (Rear) and Young were aware that Plaintiff had been sexually assaulted as well. Plaintiff seeks injunctive and compensatory relief.

Defendants have filed a motion to dismiss and for summary judgment.  The motion is fully briefed and will now be addressed by the court.

2

## II.     Standards of Review

### A.     Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. at 556.  "[L]abels and conclusions" are not enough, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'"  Twombly, 550 U.S. at 555 (quoted case omitted).

In resolving a motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210.  First, we separate the factual elements from the legal

3

elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoted case omitted).

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-11 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

## B.    Summary Judgment[2]

Under Rule 56 of the Federal Rules of Civil Procedure, the movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In pertinent part, parties moving for, or opposing, summary judgment must support their position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

---

[2] Defendants ask that to the extent any documents they have submitted outside of the pleadings are considered, they request summary judgment.

interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Colwell v. Rite-Aid Corp.</u>, 602 F.3d 495, 501 (3d Cir. 2010)(quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986)).

## III. Discussion

Defendants first maintain that they are entitled to summary judgment with respect to all claims raised in the complaint due to Plaintiff's failure to exhaust his available administrative remedies. In reviewing the Statements of Fact submitted by Defendants, as supported by evidentiary materials, the following facts are undisputed with respect to the exhaustion issue.

The BOP has a three-level administrative remedy process that must be fully exhausted before an inmate can bring an action in federal court found at 28 C.F.R. § 542.10, <u>et seq</u>. (Doc. 27-1, Ex. 1, Romano Decl. ¶ 7.) In order to exhaust appeals under the administrative remedy procedure, an inmate must first informally present his complaint to staff, and staff is to attempt to resolve the matter. <u>Id</u>. at § 542.13(a). If the informal resolution is unsuccessful, then the inmate must execute the appropriate form to bring the matter to the attention of the Warden. <u>Id</u>. at § 542.14. The Warden is then to respond to the complaint within 20 calendar days. <u>Id</u>. at § 542.18. If dissatisfied with the Warden's response, the inmate may then appeal to the BOP Regional Director within 20 calendar days. <u>Id</u>. at § 542.15(a). If the

5

response from the Regional Director is unsatisfactory, the inmate may then appeal to the BOP Central Office within 30 calendar days. The Central Office is the final level of administrative appeal in the BOP administrative grievance system. No administrative remedy appeal is considered to have been fully exhausted until rejected by the BOP Central Office. (Id. at § 542.15(a).)

If a remedy is rejected, it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejection. A copy of the remedy is not maintained by the Bureau of Prisons. 28 C.F.R. § 542.17(a). (Doc. 27-1, Romano Decl. ¶ 9.) Accordingly, an inmate has not exhausted all available remedies to enable them to file suit in federal district court until the complaint has been filed at all levels of the process and has been denied at all levels prior to filing suit.

In the ordinary course of business, computerized indices are kept of administrative remedies filed by inmates. A review of the SENTRY computer generated Administrative Remedy Generalized Retrieval was performed on February 20, 2013. (Id. at ¶ 10.) The results revealed that Plaintiff has filed 15 remedies. (Id., Attach. B.) Ten of the fifteen remedies listed were filed at the institution level (reflected as an "F" in the Remedy ID.) One of the remedies (Remedy No. 677950-R1) was filed at the Regional Level (reflected as an "R" in the Remedy ID) with an issue of alleged excessive force. (Id.) This remedy was received on March 21, 2012, and as such cannot be related to the June 12, 2012 incident at issue in the instant

complaint.

Remedy No. 698258-R1 was received in the region on August 15, 2012. The issue raised was an alleged sexual assault. (Id.; Attach. B at 7.) This remedy was rejected. Plaintiff re-filed the remedy (No. 698258-R2) and it was received in the region on August 31, 2012. It was denied on September 28, 2012. (Id. at 8.) The body of the remedy reveals the allegation of sexual assault was related to the June 12, 2012 incident at issue in the instant complaint. (Id.; Attach. C.) Plaintiff appealed the denial to the national level, Remedy No. 698258-A1. It was received on October 31, 2012. (Id.; Attach. B at 8.) It was rejected on December 7, 2012. The codes for the rejection were: "IRQ" - Failed to provide appropriate copies from the institution remedy; "RAP" - Failed to provide appropriate copies from the regional remedy; and "R.A." - Plaintiff given opportunity to resubmit the appeal within 15 days of the date of the rejection notice. (Id.; Attach. C.) There is no record of Plaintiff ever resubmitting the national level remedy No. 698258-A1. (Id.; Attach. B.)

There was only one other remedy filed at the regional level (Remedy No. 721649-R1) and it pertained to a DHO hearing regarding Incident Report No. 2388700-R1 (not at issue in the instant complaint). (Id.; Attach. B at 9.)

In reviewing Plaintiff's opposing statement of facts, he fails to come forth with any evidence to demonstrate an issue of fact with respect to the exhaustion issue. In fact, for the most part, he agrees with Defendants that he filed the number of

administrative remedies reflected above, and the dates upon which they were submitted/denied. However, he argues that he followed all rules and regulations with respect to exhausting Remedy No. 698258. He claims that he did re-submit all documents along with the appropriate copies, but never received a response from the Central Office. However, he fails to submit any documentation in support of his assertion. He seems to suggest that perhaps somebody tampered with his mail.

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000).

Pursuant to 42 U.S.C. § 1997e(a), the exhaustion of available administrative remedies is mandatory. Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner must "exhaust all available administrative remedies" regardless of whether the administrative process may provide the prisoner with the relief that he is seeking. Nyhuis v. Reno, 204 F.3d 65, 75 (3d Cir. 2000). "[I]t is beyond the power of [any] court ... to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis." Id. at 73, citing Weinberger v.

Salfi, 422 U.S. 749, 766 (1975). The PLRA "completely precludes a futility

exception to its mandatory exhaustion requirement." Nyhuis, 204 F.3d at 71. Thus,

prisoners are required to exhaust available administrative remedies prior to seeking

relief pursuant to 42 U.S.C. § 1983 or any other federal law. Jones v. Bock, 127 S.

Ct. 910, 918-19 (2007); Oriakhi v. United States, 165 F. App'x 991, 993 (3d Cir.

2006)(citing Ahmed v. Dragovich, 297 F.3d 201, 209 & n.9 (3d Cir. 2002). The

Oriakhi Court stated:

> the fact that [the inmate] completed the administrative review process before
> the District Court reached the exhaustion question is of no consequence.
> Indeed, there appears to be unanimous circuit court consensus that a prisoner
> may not fulfill the PLRA's exhaustion requirement by exhausting
> administrative remedies after the filing of the complaint in federal court.

Id. (emphasis added)(citing Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003).

Nevertheless, "failure to exhaust is an affirmative defense that must be pled and

proven by the defendant." Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002) (citing

Ray v. Kertes, 285 F.2d 287, 295 (3d Cir. 2002)).

The PLRA mandates that a prisoner "properly" exhaust his or her

administrative remedies before commencing suit in federal court. Woodford v. Ngo,

548 U.S. 81, 126 S. Ct. 2378, 2387 (2006). "Proper exhaustion demands compliance

with an agency's deadlines and other critical procedural rules because no adjudicative

system can function effectively without imposing some orderly structure on the

course of its proceedings." Id. at 2386. Such requirements "eliminate unwarranted

federal-court interference with the administration of prisons, and thus seek [ ] to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" Id. at 2387 (quoting Porter, 534 U.S. at 525.) Failure to comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004)("[P]rison grievance procedures supply the yardstick for measuring procedural default."). Procedural default is a question of law. Id. at 232.

As set forth above, pursuant to the BOP's administrative remedy procedure, inmates are to informally present their complaints to the staff for resolution. 28 C.F.R. § 542.13(a). If unsuccessful, the inmate can then file a complaint with the Warden within twenty (20) calender days of the complained about event. (Id. at § 542.14.) The Warden is to respond within twenty (20) calender days. (Id. at § 542.18.) If dissatisfied with the Warden's response, an appeal may be taken to the Regional Director within twenty (20) calender days. (Id. at § 542.15(a).) If dissatisfied with the Regional Director's response, an appeal may be taken to the BOP's Central Office within thirty (30) calender days of the Regional Director's response. The Central Office is the final level of appeal in the BOP.[3]

---

[3] An exception to the above procedure is made for appeals of Discipline Hearing Officer decisions, which are first raised directly with the Regional Office, and then appealed to the Central Office. See 28 C.F.R. § 542.14(d)(4).

If a remedy is rejected, it is returned to the inmate and the inmate is provided with a written notice explaining the reason for rejection. A copy of the remedy is not maintained by the BOP. 28 C.F.R. § 542.17(a). Accordingly, an inmate has not exhausted all available remedies thereby enabling him to file suit in federal district court until the complaint has been presented to all levels of the BOP administrative process prior to filing suit in the district court.

Defendants' competent summary judgment evidence reveals that Plaintiff has never fully exhausted the incidents on which his allegations are based. Specifically, he has failed to properly file any administrative remedies concerning his allegations against Defendants to the Central Office level. Remedy No. 698258-R1, alleging assault, was received in the region and rejected. Plaintiff did re-file the remedy and it was rejected on September 28, 2012. He did appeal to the Central Office level, but the appeal was rejected on December 7, 2012 for improper filing. There is no record of Plaintiff re-submitting this remedy at the Central Office. As such, Plaintiff has failed to fulfill his exhaustion requirements with respect to his claims against Defendants.

In opposing Defendants' claim that all of his <u>Bivens</u> claims are unexhausted, Plaintiff claims he did re-submit his Central Office appeal with the proper copies and documentation, but never received a response. He offers nothing but unsupported conclusory statements in support of his position. He fails to provide to the court in

11

opposition to Defendants' motion a copy of the Central Office remedy he claims he re-submitted. Also, there is no record of this re-submission in the SENTRY computer generated Administrative Remedy Generalized Retrieval that was performed by the BOP with respect to remedies filed by Plaintiff. In addition, there are no documents submitted by Plaintiff that would even suggest he attempted to pursue his claims and was prevented or hindered from doing so.

A party opposing summary judgment must come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp.2d 311, 315 (M.D. Pa. 2004); Fed. R. Civ. P. 56(e). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also Fed. R. Civ. P. 56(c), (e). Plaintiff has failed to meet his burden with respect to the administrative exhaustion of his Bivens claims. Based on the foregoing, Defendants are entitled to summary judgment in this matter on all claims due to Plaintiff's failure to exhaust.[4] An appropriate order follows.

---

[4] Although Defendants' set forth viable alternative arguments in support of their motion to dismiss and for summary judgment, the court will not address these arguments due to the finding that Plaintiff has failed to exhaust his administrative remedies.